c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| BRIDGET JEAN EVANS, *ET AL.*, Plaintiffs | CIVIL ACTION NO. 1:18-CV-00983 |
| VERSUS | JUDGE DRELL |
| VILLAGE OF CREOLA, *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court are: (1) a Rule 12(b)(6) Motion to Dismiss (Doc. 7) all claims for punitive damages ("statutory penalties") and the imposition of "solidary liability;" (2) a Motion for More Definite Statement (Doc. 7); and (3) a Rule 12(b)(6) Motion to Dismiss (Doc. 10) all claims against "John Doe" and "others," filed by Defendant the City of Pineville (the "City"). The motions are unopposed. The City's motion to dismiss (Doc. 7) Plaintiffs' claims for punitive damages, vicarious liability or respondeat superior, and "solidary liability" against the City should be granted for failure to state a plausible claim for relief. The City's Motion for a More Definite Statement (Doc. 7) should be GRANTED because Plaintiffs' statutory and constitutional claims are vague and ambiguous. The City's Motion to Dismiss (Doc. 10) "John Doe and others" should be DENIED for lack of procedural basis.

I. **Background**

On July 17, 2018, Plaintiffs Bridget Jean Evans ("Bridget") and Charles Zachary Evans ("Charles") ("Plaintiffs") filed this lawsuit in the Ninth Judicial District Court, Rapides Parish, Louisiana. (Doc. 1-1). Plaintiffs named Defendants

1

Village of Creola (the "Village"), Police Chief Health Landry ("Landry") (in his official and individual capacities), Don Crooks ("Crooks") (in his official and individual capacities), the Grant Parish Police Jury (the "Police Jury"), the City of Pineville, and "John Doe and others," (collectively referred to as "Defendants"). (Doc. 1-1).

Plaintiffs assert civil rights claims under 42 U.S.C. § 1983, and "under express terms of the Louisiana Constitution and Louisiana Revised Statutes and Civil Code." (Doc. 1-1). Plaintiffs' claims stem from a traffic stop on or about July 17, 2017. (Doc. 1-1). Plaintiffs allege Bridget was pregnant and high-risk at the time. (Doc. 1-1). Plaintiffs allege Bridget was suffering from "placenta previa," a potentially fatal condition. (Doc. 1-1). Bridget began profusely bleeding on July 17, 2017, and was instructed by her obstetrician to go to the emergency room immediately. (Doc. 1-1). Charles, although in a careful and prudent manner, drove at a high rate of speed to the emergency room.

Plaintiffs claim Crooks, a police officer for the Village, conducted a traffic stop of Charles after observing him traveling at a high rate of speed. (Doc. 1-1). Plaintiffs further claim an unknown Pineville Police Officer intercepted Plaintiffs' vehicle, and Charles eventually came to a stop. (Doc. 1-1). Plaintiffs informed the officers of the events and that Bridget and her unborn child were in distress. (Doc. 1-1). Plaintiff claim Crooks drew his weapon and ordered Plaintiffs to exit their vehicle and get on the ground. (Doc. 1-1). Plaintiffs further claim Bridget explained she was unable to comply because she was pregnant, which was ignored by Crooks. (Doc. 1-1). Plaintiffs

claim an officer with the Pineville Police Department intervened, not allowing Crooks to order Bridget to the ground. (Doc. 1-1).

Plaintiffs claim that despite their obvious distress, the pool of blood in their vehicle, the blood-soaked clothes, and blood drenched towel wrapped around Bridget, neither Crooks nor the Pineville Police Officer allowed Bridget to leave or obtain medical treatment. (Doc. 1-1). Plaintiffs allege neither Crooks nor the Pineville Police Officer had probable cause to detain Bridget. (Doc. 1-1). Plaintiffs claim Bridget begged Crooks and the Pineville Police Officers to allow her to seek emergency medical treatment, which they refused. (Doc. 1-1). Plaintiffs allege Bridget's mother arrived making the same demands, which were also ignored. (Doc. 1-1). Plaintiffs allege after approximately one hour of being on the side of the road and bleeding, an ambulance was called and transported Bridget to the emergency room. (Doc. 1-1). Plaintiffs further claim Bridget was immediately taken to the operating room. (Doc. 1-1). Plaintiffs claim Crooks delivered Charles to the hospital parking lot after their child was born. (Doc. 1-1).

Plaintiffs claim Crooks and the Pineville Police Department, acting under the color of the law, falsely and unjustly detained Bridget. (Doc. 1-1). Plaintiffs allege Crooks and the Pineville Police Department deprived Bridget of her liberty without due process by taking her into custody and holding her there against her will. (Doc. 1-1). Plaintiff further argue Crooks and the Pineville Police Department violated Bridget's civil rights by making an unreasonable search and seizure of her person without due process. (Doc. 1-1). Plaintiffs claim Crooks and the Pineville Police

3

Department committed battery and assault on "the person of the Plaintiff."[1] Plaintiffs further allege the arrest "of the Plaintiff"[2] gives rise to a defamation *per se* claim. (Doc. 1-1).

Plaintiffs assert that Landry, the Chief of Police of the Village, the Pineville Police Department, the Village, and the City directly or indirectly approved or ratified the conduct of Crooks and other officers at the scene. (Doc. 1-1). Plaintiffs claim that by this inaction, they were subject to unjust arrest, search and seizure, imprisonment, and severe public humiliation. (Doc. 1-1). Plaintiffs claim Defendants deprived "Plaintiff"[3] of the right to be secure in her person and effect against unreasonable search and seizure under the Fourth and Fourteenth Amendments, the right to be informed of the nature and cause of the accusation against her under the Sixth and Fourteenth Amendments, the right not to be denied life, liberty, or property without due process, and the right to equal protection of the laws under the Fourteenth Amendment. (Doc. 1-1). Plaintiffs seek compensatory damages for injury to "her" reputation from each of the Defendants under the theory of respondeat superior. (Doc. 1-1). Plaintiffs allege Defendants are jointly and "solidary" liable. (Doc. 1-1). Plaintiffs seek legal interest, statutory penalties, and costs. (Doc. 1-1).

The City removed based upon this Court's federal question jurisdiction. (Doc. 1). According to the City, Plaintiffs claim a violation of their civil rights under the

---

[1] Plaintiffs do not specify whether the alleged battery and assault were committed on Bridget or Charles.

[2] Plaintiffs do not specify who was arrested.

[3] It is not clear whether Plaintiffs are referring to Bridget or Charles. However, Plaintiffs only use the pronoun "her." Thus, it would appear their allegations pertain to Bridget only.

Constitution and/or laws of the United States, specifically the Eighth and Fourteenth Amendments through 42 U.S.C. § 1983. (Doc. 1). The City argues that Plaintiffs' state law claims are supplemental. (Doc. 1).

The City now seeks dismissal of the punitive damages claim. (Doc. 7). The City asserts that governmental entities and their official-capacity agents are not subject to punitive damages (i.e. "statutory penalties") in § 1983 actions, or under state law. (Doc. 7). The City also seeks dismissal of Plaintiffs' request for "solidary liability," as there is no "solidary liability" under federal or state law. (Doc. 7). Additionally, the City alleges the Complaint is ambiguous and mixes pronouns, making it unclear whether one or both Plaintiffs are seeking relief under federal and/or state law. (Doc. 7). The City seeks a more definite statement. (Doc. 7).

Through a separate Rule 12(b)(6) motion, the City also seeks dismissal of all claims against "John Doe" and "other" Pineville officers. (Doc. 10). The City asserts any amendment to substitute a named party for "John Doe" would not relate back to the original claim, and all subsequent claims would be time-barred. (Doc. 10). All of the motions are unopposed.

II. Law and Analysis

    A. Standards governing the 12(b)(6) Motion to Dismiss

A court may grant a motion to dismiss for "failure to state a claim upon which relief can be granted" under Fed. R. Civ. P. 12(b)(6). A pleading states a claim for relief when, *inter alia*, it contains a "short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter accepted as true," to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Plausibility does not equate to possibility or probability; it lies somewhere in between. Id. Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. See Twombly, 550 U.S. at 556. The court must view all well-pleaded facts in the light most favorable to the plaintiff. Yumilicious Francise, L.L.C. v. Barrie, 819 F.3d 170, 174 (5th Cir. 2016).

Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. Iqbal, 556 U.S. at 678. A pleading comprised of labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement, will not stand. Id. Similarly, where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged – but not "shown" – that the pleader is entitled to relief. Id. at 679.

In determining whether a complaint states a plausible claim for relief, a court draws on its judicial experience and common sense. Id. In considering a motion to dismiss, a court can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. While legal

6

conclusions can provide the framework of a complaint, they must be supported by factual allegations. Id.

Generally, a court should not dismiss an action for failure to state a claim under Rule 12(b)(6) without giving plaintiff "at least one chance to amend." Hernandez v. Ikon Ofc. Solutions, Inc., 306 Fed.Appx. 180, 182 (5th Cir. 2009); accord Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 329 (5th Cir. 2002). However, that general rule does not apply if an amendment would be futile. Townsend v. BAC Home Loans Serv'g, L.P., 461 Fed.App'x. 367, 372 (5th Cir. 2011); Jaso v. The Coca Cola Co., 435 Fed.App'x. 346, 351–52 (5th Cir. 2011). Futility in this context means "that the amended complaint would fail to state a claim upon which relief could be granted . . . [Thus,] to determine futility, we will apply the same standard of legal sufficiency as applies under Rule 12(b)(6)." Stripling v. Jordan Prod. Co., 234 F.3d 863, 873 (5th Cir. 2000) (quotations and citations omitted); accord Fenghui Fan v. Brewer, 377 Fed.App'x. 366, 367 (5th Cir. 2010). With respect to a statute of limitations defense, dismissal for failure to state a claim is proper when "it is evident from the pleadings that the action is barred and the pleadings fail to raise some basis for tolling." Jones v. Alcoa, Inc., 339 F.3d 359, 366 (5th Cir. 2003); accord Jaso, 435 F. App'x at 351-52.

> **B. Plaintiffs' claims against the City for punitive damages under § 1983 should be dismissed with prejudice.**

The City asserts that punitive damages may not be awarded against a municipality, citing City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981). (Doc. 7-2). Plaintiffs in their prayer for relief state they seek "statutory penalties."

7

(Doc. 1-1). The United State Supreme Court has unequivocally held a municipality is immune from punitive damages under § 1983. City of Newport, 453 U.S. at 271; Skyy v. City of Arlington, 712 Fed.Appx. 396, 401 (5th Cir. 2017) ("When this circuit has had occasion to address the issue of punitive damages against a municipality we have faithfully applied City of Newport, rejected attempts to impose punitive damages for constitutional violations where Congress has not expressed a clear intention to do so."). The City, a municipality, is not subject to punitive damages under § 1983. Bennett v. Litton, 2008 WL 489319, at *1 (W.D. La. Feb. 20, 2008). Moreover, a suit against a municipality employee in his official capacity is really a suit against the municipality itself. Bennett, 2008 WL 489319, at *1 (citing Kentucky v. Graham, 473 U.S. 159, 166-67 (1985)). Therefore, Plaintiffs' punitive damage claims under § 1983 against the City must be dismissed with prejudice.[4]

### C.  Plaintiffs' claims for punitive damages under state law should be dismissed with prejudice.

The City seeks dismissal of Plaintiffs' claims for punitive damages under state law. (Doc. 7). Under Louisiana law, punitive damages are not allowed in civil cases unless specifically provided for by statute. Hughes v. Gueydan Police Dep't, CIV.A. 6:10-1570, 2011 WL 1303822, at *2 (W.D. La. Mar. 14, 2011), report and recommendation adopted, CIV.A. 6:10-1570, 2011 WL 1303805 (W.D. La. Apr. 4, 2011); see also Harvey v. City of Rayne, CIV.A. 08-0699, 2008 WL 5061805, at *2

---

[4] Plaintiffs name Defendants "John Doe and others" as police officers of the City. (Doc. 1-1). Plaintiffs did not specify whether their claims against "John Doe and others" were in their individual or official capacities. However, to the extent Plaintiffs assert punitive damage claims against "John Doe and others" in their official capacities, the Court notes any municipality employee would also be immune.

(W.D. La. Nov. 25, 2008). In the absence of such a specific statutory provision, only compensatory damages may be recovered. Hughes, 2011 WL 1303822, at *2 (citing International Harvester Credit Corp. v. Seale, 518 So.2d 1039, 104 (La.1988)).

Plaintiffs make general allegations that their "cause arises under the express terms of the Louisiana Constitution and Louisiana Revised Statutes and Civil Code." (Doc. 1-1). Plaintiffs also allege the arrest of the "Plaintiff"[5] gives rise to a defamation *per se* claim. (Doc. 1-1). Plaintiffs' prayer for relief contains a request for "statutory penalties." (Doc. 1-1). Upon a liberal reading of the Complaint, Plaintiffs do not allege any specific statutory provision that would allow recovery of punitive damages under Plaintiffs' state law claims. Thus, Plaintiffs' punitive damages claim under state law should be dismissed with prejudice.

### D. Plaintiffs' allegations of vicarious or "solidary" liability should be dismissed for failure to state a plausible claim for relief.

The City asserts it cannot be held liable under the theory of "respondeat superior" under § 1983, and that any claims for solidary liability should be dismissed. (Doc. 7-2). The City also requests that any and all allegations of solidary (or "in solido") liability under state law be stricken from the Complaint. (Doc. 7-2). The City argues that, as a municipality, it cannot be held liable solely because it employs a tortfeasor, citing Monell v. Dep't of Social Services, 436 U.S. 658, 691 (1978). (Doc. 7-2).

Under § 1983, the City may not be liable under respondeat superior for its employees' actions absent the enactment of a municipal policy. Monell, 436 U.S. at

---

[5] It is not clear whether the allegation pertains to Bridget or Charles. (Doc. 1-1).

9

691. "Section 1983 does not create supervisory or *respondeat superior* liability." Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002). Municipal liability under section 1983 requires proof of three elements: (1) a policymaker; (2) an official policy; and (3) a violation of constitutional rights whose "moving force" is the policy or custom. Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001) (citing Monell, 436 at 694). While a municipality cannot be held liable under § 1983 solely under the doctrine of *respondeat superior*, a municipality may incur such liability for its non-policy-making employees' acts when a municipal policy of hiring or training causes those acts. Zarnow v. City of Wichita Falls, Tex., 614 F.3d 161, 170 (5th Cir. 2010).

Here, Plaintiffs allege Landry and the Pineville Police Department "[a]cting under the color of law and pursuant to official policy and custom[,] . . . failed to properly instruct, supervise, and train its police officers." (Doc. 1-1). Plaintiffs allege they are entitled to recover damages "from each of the individual defendants, *inter alia*, under the theory of respondeat superior. All Defendants are liable jointly and solidarly for such damages." (Doc. 1-1). Plaintiffs' Complaint does not contain any allegations regarding training procedures or inadequacies of the City's training policies.

To prevail on a "failure to train theory" a plaintiff must demonstrate: (1) that the municipality's training procedures were inadequate, (2) that the municipality was deliberately indifferent in adopting its training policy, and (3) that the inadequate training policy directly caused the violations in question. Zarnow, 614 F.3d at 170. In order for "liability to attach based on an 'inadequate training' claim, a plaintiff

10

must allege with specificity how a particular training program is defective." <u>Roberts v. City of Shreveport</u>, 397 F.3d 287, 293 (5th Cir.2005). Plaintiffs' Petition fails to allege facts sufficient to "nudge[] their claims across the line from conceivable to plausible," as required by <u>Twombly</u>, 550 U.S. at 547. To the extent Plaintiffs allege a vicarious liability or *respondeat superior* claim against the City, the City's motion to dismiss with prejudice should be granted.

In 1996, Louisiana Civil Code article 2324 was amended to eliminate solidary liability, except where the tortfeasors "conspire to commit an intentional or willful act." <u>Hamway v. Braud</u>, 838 So.2d 803, 807 (La. App. 1 Cir. 2002). "Non-intentional tortuous acts are now considered joint and divisible, and each joint tortfeasor is liable only for the degree of fault attributed to his actions. <u>Id.</u> (citing La. C.C. art. 2323 and 2324). Plaintiffs allege Landry and the Pineville Police Department "knowingly, recklessly, or with gross negligence failed to properly instruct, supervise, and train its police officers" and that Defendants "directly or indirectly approved or ratified Crooks's conduct." (Doc. 1-1). There are no other facts alleged regarding intentional or willful conduct by the City or its employees for the alleged tortious acts. (Doc. 1-1). Moreover, there are no allegations of conspiracy to commit an intentional act in the Complaint. Thus, Plaintiffs' allegations of solidary liability should be dismissed with prejudice.

### E. <u>The City's motion to dismiss "John Doe and others" should be denied.</u>

The City seeks dismissal with prejudice of all claims against "John Doe" and "other" Pineville officers. (Doc. 10). The City asserts that any subsequent

11

amendment of a named party for "John Doe" would not relate back to the original claim, and that any subsequent claims would be time-barred. (Doc. 10).

However, there is no "procedural basis on which an unidentified party can appear in a lawsuit and assert a defense without revealing his or her identity." Pitre v. City of Eunice, 2015 WL 3648763, at *1 (W.D. La. June 10, 2015) (recommending that motion brought on behalf of unidentified city police officers be denied, in part, because it "is fatally flawed"); see also Perez v. City of Hastings, 2017 WL 1066574, at *4 (D. Neb. Mar. 21, 2017) (questioning "whether the named City and County defendants and their counsel have authority to respond for the as yet unidentified Doe defendants in their individual capacities and seek dismissal on their behalf.").

Thus, the City's motion to dismiss should be denied in this respect.

### F.   Standards governing a Motion for More Definite Statement

Under Fed. R. Civ. P. 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).  It is well settled that, "[g]iven the liberal pleading standard set forth in Rule 8(a), Rule 12(e) motions are disfavored" and should be granted sparingly. Murungi v. Texas Guaranteed, 646 F.Supp.2d 804, 811 (E.D. La. 2009). Rule 8 requires only "a short and plain statement of the claim to give the defendant fair notice of the claim and the grounds upon which it rests." See Verret v. N. Star Marine, LLC, CIV.A. 09-3442, 2009 WL 3614502, at *1 (E.D. La. Oct. 28, 2009).

A Rule 12(e) motion may not be used as a substitute for discovery. See Babcock & Wilcox Co. v. McGriff, Seibels & Williams, Inc., 235 F.R.D. 632, 633 (E.D. La. 2006). Nonetheless, a Rule 12(e) motion should be granted "[i]f a complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed." Beanal v. Freeport-McMoran, Inc., 197 F.3d 161, 164 (5th Cir. 1999). The decision to grant a Rule 12(e) motion is within the discretion of the trial court, and such motions are "universally deemed appropriate only when the pleading addressed is so vague it cannot be responded to." Newcourt Leasing Corp. v. Regional Bio-Clinical Laboratory, Inc., 2000 WL 134700, at *1 (E.D. La. Feb. 1, 2000) (citation omitted).

### G. The City's Motion for a More Definite Statement should be granted.

The City seeks a more definite statement. (Doc. 7). Plaintiffs did not provide an opposition. Plaintiffs' Complaint was originally filed in a Louisiana state court, which requires fact-pleading[6] rather than identification of the statutory basis of each claim. Plaintiffs' Complaint does not contain enough detail to allow Defendants a fair opportunity to respond. The City correctly points out that the Complaint is ambiguous and mixes pronouns, making it unclear whether one or both Plaintiffs are seeking relief under federal and/or state law. (Doc. 7).

Thus, the City is entitled to relief under Fed. R. Civ. P. 12(e), and the City's Motion for a More Definite Statement (Doc. 7) should be granted. Plaintiffs should be given an opportunity to amend to set forth short and plain statements of the statutory or constitutional basis for each claim as to each Plaintiff against each

---

[6] See La. C. Civ. P. art. 862; Udomeh v. Joseph, 2011-2839 (La. 10/26/12), 103 So.3d 343, 348-49).

13

Defendant, as well as any official policies or customs alleged to have resulted in the violations of Plaintiffs' constitutional or statutory rights.

### III. Conclusion

For the foregoing reasons,

IT IS RECOMMENDED that the City's Rule 12(b)(6) Motion to Dismiss (Doc. 7) be GRANTED. Plaintiffs' claims for punitive damages under § 1983 against the City, "solidary liability" against the City, and for vicarious liability or respondeat superior liability against the City, should be DISMISSED WITH PREJUDICE.

IT IS FURTHER RECOMMENDED that the City's Rule 12(b)(6) Motion to Dismiss (Doc. 10) be DENIED WITHOUT PREJUDICE to re-raising when, and if, the "John Doe and others" defendants are identified and named in a motion for leave to amend.

IT IS FURTHER RECOMMENDED that the City's Motion for More Definite Statement (Doc. 7) be GRANTED. Plaintiffs should amend their complaint within 30 days of a judgment adopting this Report and Recommendation to provide a more definite statement as referenced above.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of

the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __22nd__ day of January, 2019.

Joseph H.L. Perez-Montes
United States Magistrate Judge